UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN
_____

| | |
|---|---|
| EMCASCO Insurance Company, | Case No.: |
| Plaintiff, | |
| v. | |
| Northern Metal Fab, Inc., and<br>Ellicott Dredges, LLC, | |
| Defendants. | |

_____

## COMPLAINT FOR DECLARATORY JUDGMENT
_____

COMES NOW Plaintiff EMCASCO Insurance Company ("EMC"), by and through the undersigned counsel, as and for its Complaint for Declaratory Judgment against Defendants Northern Metal Fab, Inc. and Ellicott Dredges, LLC, states and alleges as follows:

## NATURE OF ACTION

1. That this is an action brought under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 by which Plaintiff EMC seeks a declaration of the parties' respective rights, duties and obligations under an insurance policy that EMC issued to Defendant Northern Metal Fab, Inc.

2. That, specifically, EMC seeks a judgment declaring that it has no duty to defend or indemnify Northern Metal Fab, Inc. with respect to claims asserted against it in a pending Arbitration proceeding commenced by Defendant Ellicott Dredges, LLC.

10722152

## PARTIES, JURISDICTION AND VENUE

3. That Plaintiff EMC is an insurance company organized under the laws of the State of Iowa, with its principal place of business in Des Moines, Iowa, and is authorized to issue insurance policies and otherwise conduct business in Wisconsin.

4. That Defendant Northern Metal Fab, Inc. is a corporation organized and existing under the laws of the state of Wisconsin with its principal place of business located at 500 Evergreen Street, Baldwin, Wisconsin 54002.

5. That Defendant Ellicott Dredges, LLC is a Maryland limited liability company with its principal place of business in Baltimore, Maryland and a manufacturing facility in New Richmond, Wisconsin. Ellicott Dredges, LLC is joined in this action as an "interested party" with respect to Plaintiff EMC's claim for declaratory relief against Defendant Northern Metal Fab, Inc.

6. That this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(1), as the amount in controversy exceeds the sum of $75,000 and there is diversity of citizenship between Plaintiff EMC and the Defendants.

7. That this Court has personal jurisdiction over Defendant Northern Metal Fab, Inc. because it is a corporate citizen of the State of Wisconsin. This Court has personal jurisdiction over Ellicott Dredges, LLC because it has a manufacturing facility in Wisconsin and has thereby made itself subject to the jurisdiction of the state. Venue is proper herein because both Northern Metal Fab, Inc. and Ellicott Dredges, LLC have manufacturing or production facilities within the District.

## FACTUAL BACKGROUND

8. That on or about October 15, 2021, Ellicott Dredges, LLC commenced an Arbitration proceeding against Northern Metal Fab, Inc. under the American Arbitration Association Commercial Arbitration Rules. A true and correct copy of the Demand For Arbitration is attached hereto as **Exhibit 1**. A true and correct copy of the Arbitration Complaint is attached hereto as **Exhibit 2**.

9. That the Arbitration Complaint alleges that that Ellicott Dredges, LLC contracted with Northern Metal Fab, Inc. pursuant to two purchase orders for the fabrication, painting and finishing of a tank set that Ellicott planned to sell to a customer for incorporation into a dredging vessel.

10. That the Arbitration Complaint further alleges that Northern Metal Fab, Inc. breached its contract with Ellicott Dredges, LLC, including the agreed scope of work, specifications, terms and conditions of purchase, and warranties contained therein, by failing to perform its fabrication, finishing and painting work on the tank set in a workmanlike manner and in accordance with specifications pertaining to preparation and painting of the tanks.

11. That the Arbitration Complaint further alleges that Northern Metal Fab, Inc. misrepresented its qualifications and ability to perform the contracted work.

12. That the Arbitration Complaint further alleges that, as a direct and proximate result of Northern Metal Fab, Inc.'s breaches and misrepresentations, the paint on the tanks delaminated after the tanks had been incorporated into the dredge vessel and the dredge vessel had been put into service by Ellicott Dredges, LLC's customer.

10722152

13. That the Arbitration Complaint further alleges that Ellicott Dredges, LLC's customer incurred costs to remedy the paint delamation on the tanks fabricated by Northern Metal Fab, Inc. and then commenced an action against Ellicott Dredges, LLC in the United States District Court for the District of Maryland seeking damages allegedly related thereto.

14. That Ellicott Dredges, LLC provided notice to Northern Metal Fab, Inc. in October 2020 of issues with paint delamation on the tank set later referenced in the Arbitration Complaint and the claims or potential claims of Ellicott Dredges, LLC were known to Northern Metal Fab., Inc.'s executive officers as of that time.

15. That Northern Metal Fab, Inc. did not provide notice to EMC of the claims, or potential claims of Ellicott Dredges, LLC until nearly a year later.

16. That on or about May 26, 2022, Ellicott Dredges, LLC submitted an Amended Complaint in the Arbitration proceeding against Northern Metal Fab, Inc. A true and correct copy of the Amended Complaint is attached hereto as **Exhibit 3**.

17. That the Amended Complaint identifies two additional tank fabrication, painting and finishing jobs that Ellicott Dredges, LLC had commissioned Northern Metal Fab, Inc. to perform pursuant to purchase orders.

18. That the Amended Complaint alleges that the tanks fabricated, painted and finished pursuant to those two additional purchase orders also sustained paint delamation after being incorporated into dredge vessels.

19. That the Arbitration Complaint and Amended Complaint assert causes of action against Northern Metal Fab, Inc. for Breach of Contract (Count I), Breach of Express

Warranty (Count II), Breach of Implied Warranty of Merchantability (Count III), Breach of Implied Warranty of Fitness for a Particular Purpose (Count IV), Negligence (Count V), Negligent Misrepresentation (Count VI), and Fraudulent Misrepresentation (Count VII).

## THE EMC POLICY

20. That at certain times material herein there was in effect a Commercial General Liability insurance policy issued by EMC to Northern Metal Fab, Inc. ("the Policy"). A true and correct copy of the Policy, appropriately redacted, is attached hereto as **Exhibit 4** and incorporated herein by reference.

21. That the Policy's Commercial General Liability (CGL) coverage part provides, in relevant part:

> **COMMERCIAL GENERAL LIABILITY COVERAGE FORM**
> . . .
> **SECTION I – COVERAGES**
>
> **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
> 1. **Insuring Agreement**
>    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of . . . "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for . . . "property damage" to which this insurance does not apply. . . ..
>       . . .
>    b. This insurance applies to . . . "property damage" only if:
>       **(1)** The . . . "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
>       **(2)** The . . . "property damage" occurs during the policy period; and
>       . . .
>    . . .
> 2. **Exclusions**
>    This insurance does not apply to:
>       . . .

10722152

    **k. Damage To Your Product**
        "Property damage" to "your product" arising out of it or any part of it.
    **l. Damage To Your Work**
        "Property damage to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

        This exclusion does not apply if the damages work or the work out of which the damage arises was performed on your behalf by a subcontractor.
    **m. Damage To Impaired Property Or Property Not Physically Injured**
        "Property damage" to "impaired property" or property that has not been physically injured, arising out of:
        **(1)** A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or
        **(2)** A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.
        . . .
    . . .
. . .

## SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS
. . .
**2. Duties In The Event Of Occurrence, Offense, Claim Or Suit**
    **a.** You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:
        **(1)** How, when and where the "occurrence" or offense took place;
        **(2)**   The names and addresses of any injured persons and witnesses; and
        **(3)**   The nature and location of any injury or damage arising out of the "occurrence" or offense.
    . . .
. . .

## SECTION V – DEFINITIONS
. . .
**6.** "Executive officer" means a person holding any of the officer positions created by your charter, constitution, bylaws or any other similar governing document.
. . .
**8.** "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:
    **a.** It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or
    **b.** You have failed to fulfill the terms of a contract or agreement;
    if such property can be restored to use by the repair, replacement, adjustment or removal of "your product" or "your work" or your fulfilling the terms of the contract or agreement.

10722152

. . .
13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.
. . .
16. "Products-completed operations hazard":
    a. Includes all . . . "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:
       **(1)** Products that are still in your physical possession; or
       **(2)** Work that has not yet been completed or abandoned. . . ..
       . . .
       Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.
. . .
17. "Property damage" means:
    a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
. . .
21. "Your product":
    a. Means:
       **(1)** Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:
          **(a)** You;
          . . .
       **(2)** Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.
    b. Includes:
       **(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and
       . . .
22. "Your work":
    a. Means:
       **(1)** Work or operations performed by you or on your behalf; and
       **(2)** Materials, parts or equipment furnished in connection with such work or operations.
    b. Includes:
       **(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and
       . . .

\* \* \*

7

22. That the Policy is endorsed with a Manufacturer's Errors Or Omissions endorsement which provides, in relevant part:

* * *
### GENERAL LIABILITY ELITE EXTENSION

This endorsement modifies insurance provided under the following:
COMMERCIAL GENERAL LIABILITY COVERAGE FORM

The COMMERCIAL GENERAL LIABILITY COVERAGE FORM is amended to include the following clarifications and extensions of coverage. The provisions of the Coverage Form apply unless modified by endorsement.

. . .

**O. DUTIES IN THE EVENT OF OCCURRENCE, OFFENSE, CLAIM OR SUIT**

**Section IV – Commercial General Liability Conditions** Paragraph **2.** is amended to add the following:

**e.** The requirement in Condition **2.a.** that you must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim, applies only when the "occurrence" or offense is known to:

. . .

**(4)** An "executive officer" or insurance manager, if you are a corporation; or

. . .

. . .

. . .

* * *
### MANUFACTURER'S ERRORS OR OMISSIONS

**THIS ENDORSEMENT PROVIDES CLAIMS-MADE COVERAGE. DEFENSE EXPENSES ARE INCLUDED WITHIN THE COVERAGE LIMITS OF INSURANCE.**

This endorsement modifies insurance provided under the following:
COMMERCIAL GENERAL LIABILITY COVERAGE FORM

. . .

**A.** The following is added to **Section I – Coverages**:
**COVERAGE – MANUFACTURER'S ERRORS OR OMISSIONS**
**1. Insuring Agreement**
**a.** We will pay those sums that the insured becomes legally obligated to pay as "damages" because of a "manufacturer's error or omission" to which this insurance applies. We will have the right and duty to defend the

8

insured against any "suit" seeking those "damages". However, we will have no duty to defend the insured against any "suit" seeking "damages" to which this insurance does not apply. . . ..

. . .

**b.** This insurance applies to claims covered hereunder only if:

A claim for "damages" is first made against any insured, in accordance with Paragraph **(1)** below, during the policy period or any applicable Extended Reporting Period.

**(1)** A claim by a person or organization seeking "damages" will be deemed to have been made at the earlier of the following times:
  **(a)** When an insured reports to us an incident or circumstance that may lead to a claim or loss; or
  **(b)** When notice of such claim is received in writing by an owner, partner, member, manager, "executive officer" or designated risk manager, or similar office or position, of the Named Insured or by us, whichever comes first.

**c.** All claims of "damages" arising from the same "manufacturer's error or omission" will be deemed to have been made at the same time the first of these claims is made against any insured.

**d.** Claims can take place anywhere in the world, provided the original "suit" is brought against the insured within the United States of America . . ..

**2. Exclusions**

For the purposes of this endorsement only, this insurance does not apply to:

. . .

**c. Bodily Injury, Property Damage, Personal and Advertising Injury**
  **(1)** "Damages" arising from . . . "property damage" . . ..

**d. Contractual**
"Damages" arising from any liability of others assumed by the insured under any contract or agreement, whether oral or in writing. This exclusion does not apply to liability for "damages" that the insured would have in the absence of the contract or agreement.

. . .

**h. Intentional Injury**
"Damages" which may reasonably be expected to result from the intentional or criminal acts of an insured or which is in fact expected or intended by the insured, even if the injury or "damage" is of a different degree or type than actually expected or intended.

. . .

**j. Manufacturer's Warranties**
"Damages" arising from manufacturer's warranties or guarantees, whether express or implied.

9

      **k. Non-compensatory Damages**
      All claims:
      **(1)** Alleging, arising out of, based upon, or attributable to any proceeding whether civil, criminal or administrative in which the relief sought is other than monetary damages, including but not limited to proceedings seeking injunctive, relief, declaratory relief, disgorgement, or other equitable remedies, or those arising out of any kind of criminal proceedings; or
      **(2)** Civil or criminal fines or penalties imposed by law, punitive or exemplary damage or any other type of non-compensatory damages, the multiplied portion of multiplied damages, taxes, any amount for which an insured is not financially liable, or matters which are deemed uninsurable under the law pursuant to which the endorsement shall be construed.

. . .

      **m. Prior Acts**
      "Damages" arising from a "manufacturer's error or omission" that was committed or existed prior to the effective date of the first consecutive "manufacturer's error or omission" endorsement issued by us are excluded if there is other insurance applicable, or if the insured knew or should have known based upon facts and circumstances which would cause a reasonable person to believe a "manufacturer's error or omission" claim would be made and which was known to any insured.

. . .

. . .

**D.** For the purpose of the coverage provided by this endorsement, Conditions **2.** and **4.** of **Section IV – Commercial General Liability Conditions** are replaced by the following:

  **2. Duties In The Event Of A Manufacturer's Error Or Omission**
    **a.** You must see to it that we are notified as soon as practicable of a "manufacturer's error or omission" which may result in a claim. To the extent possible, notice should include:
      **(1)** What the "manufacturer's error or omission" was and when it occurred; and
      **(2)** The names and addresses of anyone who may suffer "damages" as a result of the "manufacturer's error or omission".

    . . .

  . . .

. . .

**F. Definitions**
The following definitions apply to coverage provided by this endorsement:
  **1.** "Damages" means consequential financial loss sustained by your customer, due to a "manufacturer's error or omission", provided that such a

10

> "manufacturer's error or omission" did not arise from any sudden and accidental physical injury to "your product".
>
> "Damages" does not include:
> **a.** The purchase or contract price for "your product".
> **b.** Costs and expenses incurred by you or on your behalf to fulfill a warranty, representation, or promise provided with "your product".
> **c.** Costs to restore goodwill of your customer.
>
> . . .
>
> **3.** "Manufacturer's Error or Omission" means an insured's negligent manufacture of a tangible product resulting in the failure of that tangible product to perform the function or serve the purpose intended after it left the possession of any insured.
>
> **G.** For the purposes of the coverage provided by this endorsement, Definitions **17.** and **18.** in the **Definitions** Section are replaced by the following:
>
> **17.** "Property damage" means physical injury to tangible property including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it.
>
> . . .
>
> \* \* \*

23. That the Policy contains other terms, conditions, limitations and exclusions which may also exclude or limit coverage for Northern Metal Fab, Inc. with respect to the claims asserted in the underlying Arbitration Proceeding.

## **CLAIM FOR DECLARATORY JUDGMENT**

24. That Plaintiff EMC re-alleges and incorporates by reference the preceding paragraphs.

25. That Defendant Northern Metal Fab, Inc. has requested liability coverage and a defense from Plaintiff EMC with respect to claims asserted in the underlying Arbitration proceeding.

11

26. That Plaintiff EMC is providing a defense to Northern Metal Fab, Inc. in the underlying Arbitration proceeding subject to a reservation of rights, including a reservation of the right to deny coverage and withdraw the defense.

27. That there is no coverage for Northern Metal Fab, Inc. under CGL Coverage A in the Policy because Exclusions A.2.a. (Expected Or Intended Injury), A.2.k. (Damage To Your Product), A.2.l. (Damage To Your Work), and A.2.m. (Damage To Impaired Property Or Property Not Physically Injured) together are a complete bar to coverage for all claims and damages asserted in the underlying Arbitration proceeding.

28. That there is no coverage for Northern Metal Fab, Inc. under the Manufacturer's Errors Or Omissions coverage added to the Policy's CGL Coverage Part by endorsement for one or more of the following reasons:

   a. The Arbitration Complaint and Amended Complaint do not allege "damages" as defined for purposes of the endorsement because "damages" does not include "costs and expenses incurred by you or on your behalf to fulfill a warranty, representation, or promises provided with 'your product'";

   b. The Arbitration Complaint and Amended Complaint do not allege "manufacturer's error or omission" as defined for purposes of the endorsement because there is no factual allegation that the tanks have failed to perform the function or serve the purposes intended after they left the possession of Northern Medical Fab, Inc.;

   c. Exclusion 2.c., applicable to "damages" arising from "property damage," bars coverage under the endorsement because all claimed damages arise from paint delamination from the tanks, which is "property damage" as that term is defined;

   d. Exclusion 2.d. bars coverage for any indemnity obligation Northern Metal Fab, Inc. has to Ellicott Dredges, LLC for its liability to customers.

    e. The claims of fraudulent misrepresentation against Northern Metal Fab, Inc. are excluded by Exclusion 2.h., which applies to "damages" which may reasonably be expected to result from the intentional or criminal acts of an insured or which is in fact expected or intended by the insured, even if the injury or "damages" is of a different degree or type than actually expected or intended.

    f. Exclusion 2.j. applies to "damages" arising from manufacturer's warranties or guarantees, whether express or implied and is a complete bar to coverage given that all claims asserted against Northern Metal Fab, Inc. in the underlying Arbitration proceeding arise from alleged breaches of warranties and guarantees.

    g. Exclusion 2.k. bars coverage for any claim for punitive, exemplary or other non-compensatory damages.

    h. Northern Metal Fab, Inc. failed to see to it that EMC was notified as soon as practicable of an alleged "manufacturer's error or omission" which may result in a claim as required by the policy.

29. That there is an actual controversy which is ripe for adjudication concerning whether the Policy provides any coverage to Northern Metal Fab, Inc. for the claims and damages asserted against it in the underlying Arbitration proceeding.

30. That EMC is entitled to a declaration that the Policy provides no coverage for any claims, damages or liability of Northern Metal Fact, Inc. as alleged in the underlying Arbitration proceeding.

31. That EMC is entitled to a declaration that it has no duty to defend or indemnify Northern Metal Fab, Inc. in the underlying Arbitration proceeding.

WHEREFORE, Plaintiff Cincinnati respectfully requests the Order and Judgment of this Court declaring, adjudging and determining as follows:

    a. That Plaintiff EMC has no duty under the Policy to defend Defendant Northern Metal Fab., Inc. with respect to the claims asserted in the underlying Arbitration proceeding;

b. That Plaintiff EMC has no duty to indemnify Defendant Northern Metal Fab, Inc. for any liability or damages recovered or awarded against it by settlement or judgment in the underlying Arbitration proceeding;

c. That Plaintiff EMC is entitled to its costs and disbursements incurred herein;

d. That Defendant Ellicott Dredges, LLC is not entitled to recover under the Policy for any settlement or judgment it may obtain from or against Northern Metal Fab, Inc. in the underlying Arbitration proceeding; and

e. For such other and further relief as the Court deems just and proper.

ARTHUR, CHAPMAN, KETTERING,
SMETAK & PIKALA, P.A.

Dated: August 17, 2022  /s/ Stephen M. Warner
Stephen M. Warner (#1047916 WI)
500 Young Quinlan Building
81 South Ninth Street
Minneapolis, MN 55402-3214
(612) 339-3500
smwarner@arthurchapman.com

*Attorneys for Plaintiff EMCASCO Insurance Company*

14

10722152